23-6539
*Bunay-Pirca v. Bondi*

BIA
Laforest, IJ
A206 081 615

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-five.

PRESENT:
    ROBERT D. SACK,
    JOSEPH F. BIANCO,
    EUNICE C. LEE,
        *Circuit Judges.*

_____

MARIA VERONICA BUNAY-PIRCA,
        *Petitioner,*

    v.                                                      **23-6539**
                                                            **NAC**

PAMELA J. BONDI, UNITED STATES
ATTORNEY GENERAL,*
        *Respondent.*

_____

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Pamela J. Bondi is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

FOR PETITIONER:                    Maria Veronica Bunay-Pirca, pro se, Corona, NY.

FOR RESPONDENT:                 Brian M. Boynton, Principal Deputy Assistant Attorney General; Erica B. Miles, Assistant Director; Edward E. Wiggers, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maria Veronica Bunay-Pirca, a native and citizen of Ecuador, seeks review of a May 4, 2023 decision of the BIA, affirming an August 12, 2019 decision of an Immigration Judge ("IJ"), which denied her application for relief under the Convention Against Torture ("CAT"). *In re Maria Veronica Bunay-Pirca*, No. A206-081-615 (B.I.A. May 4, 2023), *aff'g* No. A206-081-615 (Immig. Ct. N.Y. City Aug. 12, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA summarily affirmed without issuing an opinion, we review the IJ's decision. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review factual findings for substantial evidence and questions of law and

2

application of law to fact de novo.  *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).  We deny the petition because Bunay-Pirca's new claim is unexhausted, and she has abandoned her original claim.

We do not reach Bunay-Pirca's new factual basis for her CAT claim because she did not exhaust it before the IJ or the BIA.  Issue exhaustion is "not jurisdictional," *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023), but it is mandatory when, as here, the Government raises it, *see Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023).  As the Government asserts, we cannot reach Bunay-Pirca's claim for CAT relief based on sexual violence because she did not testify to a rape before the IJ or include that allegation in her brief to the BIA.  *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

Nor is remand appropriate under the circumstances.  Although we may have "inherent power to remand for additional fact-finding in agency cases that present extraordinary and compelling circumstances[,] . . . the exercise of such an

inherent power is not warranted if, as here:   [i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence."   *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007).   If Bunay-Pirca wishes to submit new evidence or assert changed conditions, the appropriate avenue for her to do so is through a motion to reopen before the BIA.   *Id.* at 270.

Furthermore, because Bunay-Pirca does not otherwise challenge the agency's denial of her original CAT claim based on perceived wealth, she has abandoned that claim.   *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks and citation omitted)).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4